**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: Dionne Parmer, | § § | Case No.: 11-50638-mss |
| Debtor, | § § § | Chapter 13 Judge Marilyn Shea-Stonum |

**CREDITOR LANDMARK ACCEPTANCE CORPORATION (HERITAGE ACCEPTANCE CORPORATION)'S OBJECTION TO DEBTOR'S MOTION TO ESTABLISH VALUE OF SECURED CLAIMS**

Now comes Creditor Landmark Acceptance Corporation (Heritage Acceptance Corporation) (hereafter "LAC"), by and through its undersigned counsel of record and hereby timely objects to the Debtor's *Motion to Establish Value of Secured Claims* (Doc. 8) for the reasons more fully explained in the attached and incorporated Memorandum in Support.

Respectfully submitted,

SELPH LAW, LTD.

 /s/ *Theran J. Selph, Sr.*
Theran J. Selph, Sr.     (0079376)
PO Box 341318
Columbus, Ohio 43234-1318
614/453-0971; 866/519-5298 (facsimile)
tselph@selphlaw.com
*Counsel for Creditor Landmark Acceptance Corporation (Heritage Acceptance Corporation)*

## MEMORANDUM IN SUPPORT

The "Hanging Paragraph" of 11 U.S.C. §1325 prevents Debtor from modifying LAC's purchase money security interest on Debtor's car which Debtor purchased within 910 days of Debtor's bankruptcy filing herein. The In re Vagi[1] court explained "Congress, in enacting BAPCPA, sought to carve out an exception to a debtor's ability to 'cram down' secured debt for motor vehicles purchased within 30 months prior to the bankruptcy petition." The amendment to 11 U.S.C. § 1325 at issue reads, in pertinent part:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [period] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor....

In re Vagi, 351 B.R. at 884 (referring to the "Hanging Paragraph" of 11 U.S.C. §1325). In summary, if a debtor purchases a motor vehicle for personal use within 910 days before filing a bankruptcy petition the debtor must pay the entire pre-petition debt on the motor vehicle.

In the instant case, Debtor purchased the subject 2007 Pontiac Grand Prix ("Vehicle") on March 30, 2010 in Debtor's personal name, and not under a business entity, for the amount of $12,620.00. (See Ex. A.) On March 30, 2010, Debtor secured purchase money financing from LAC in the amount of $11,001.45 at 24.90% interest to acquire the Vehicle for Debtor's personal use. (See Ex. A.) March 30, 2010 falls within 910 days of Debtor's filing herein. LAC holds a perfected purchase money security interest in Debtor's Vehicle on which there is an amount of $9,313.37 still due to LAC. (See Ex. A.)

---

[1] In re Vagi (Bkrtcy.N.D.Ohio,2006), 351 B.R. 881, 884.

In Debtor's *Motion to Establish Value of Secured Claims* (Doc. 8), Debtor moves this Honorable Court to modify the amount due to LAC down from the current due balance of $9,313.37 to only $7,000.00 in violation of 11 U.S.C. §1325. Given that Debtor purchased the Vehicle for personal use within 910 days before filing the instant bankruptcy petition, Debtor must pay the entire pre-petition balance of $9,313.37. In re Vagi, 351 B.R. at 884. Accordingly, this Honorable Court must deny Debtor's *Motion to Establish Value of Secured Claims* (Doc. 8) to modify the amount due to LAC on the Vehicle down from the current due balance of $9,313.37 down to only $7,000.00.

Respectfully submitted,

SELPH LAW, LTD.

 */s/ Theran J. Selph, Sr.*
Theran J. Selph, Sr.     (0079376)
PO Box 341318
Columbus, Ohio 43234-1318
614/453-0971; 866/519-5298 (facsimile)
tselph@selphlaw.com
*Counsel for Creditor Landmark Acceptance Corporation (Heritage Acceptance Corporation)*

3

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically filed on March 25, 2011, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Keith Rucinski | Robert M. Whittington, Jr. |
| Chapter 13 Trustee | 159 S. Main Street |
| One Cascade Plaza | Key Bldg. |
| Suite 2020 | #1023 |
| Akron, OH 44308 | Akron, OH 44308-1318 |
| *Trustee* | *Counsel for Debtor* |

/s/ *Theran J. Selph, Sr.*
Theran J. Selph, Sr.     (0079376)
*Counsel for Creditor Landmark Acceptance Corporation*
*(Heritage Acceptance Corporation)*

###

4